**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CIVIL ACTION NO. 04-338-DLB**

**ROY D. STURGILL** **PLAINTIFF**

**vs.** **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Roy D. Sturgill filed an application for Supplemental Security Income (SSI) payments on February 23, 2001.[1] (Tr. 121-23). Plaintiff, who was 44 years old at the time of the most recent hearing, has a fifth grade education and alleges disability beginning on July 15, 1993, due to nerves, breathing problems, and arthritis in his back, legs, and shoulders. (Tr. 127).

---

[1]Plaintiff filed prior DIB and SSI applications in September 1994, alleging an onset date of July 1, 1993. His applications were denied initially and upon reconsideration. He requested an administrative hearing, after which the ALJ issued an unfavorable decision on April 26, 1996. On April 8, 1997, the Appeals Council denied further review of the ALJ's decision, but the claim was remanded by the district court on June 8, 1998 for further proceedings. Another hearing was held, and the ALJ issued a second unfavorable decision on April 30, 1999. This decision was ultimately affirmed by the district court on February 2, 2001.

Plaintiff's application was denied initially (tr. 88-91) and upon reconsideration (tr. 95-98). He then requested a hearing before an administrative law judge (ALJ), which was held on May 21, 2002, in Hazard, Kentucky (tr. 39-58); a supplemental hearing was held on August 7, 2002 (tr. 59-69). By written decision dated September 13, 2002, the ALJ found that Plaintiff was not under a disability, and was ineligible for SSI payments. (Tr. 17-25). The Appeals Council reviewed additional information provided by Plaintiff, but denied his request for further review on August 2, 2004. (Tr. 8-11).

The instant action was filed on September 27, 2004. The matter has now culminated in cross motions for summary judgment.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 19). At Steps 2 and 3, the ALJ found that Plaintiff's borderline intellectual functioning and depressive disorder constitute severe impairments. (Tr. 21). The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment found in Appendix 1 to Subpart P of Regulations No. 4. (*Id.*).

At Step 4, the ALJ found that Plaintiff had no exertional limitations. (Tr. 23). Mentally, however, the ALJ limited Plaintiff to low stress, entry level work following simple, one-two step procedures, without frequent changes in work routines, and with limited interaction with the general public. (*Id.*). The ALJ determined that, even with his RFC, Plaintiff was capable of performing his past relevant work as a coal miner. The ALJ's analysis, therefore, concluded at Step 4. (Tr. 24).

**C.     Analysis**

Plaintiff makes two arguments on appeal.  First, he maintains that the ALJ's RFC determination violates the holding of *Drummond v. Comm'r of Social Security,* 126 F.3d 837 (6th Cir. 1997).  Specifically, Plaintiff argues that ALJ Davenport was bound by the prior findings of ALJ Kayser, who determined that he was limited to light work.  Instead, Plaintiff claims that ALJ Davenport erroneously determined that he had no exertional limitations and could return to his past relevant work as a coal miner.  Second, Plaintiff maintains that the ALJ erred in failing to find that his impairment meets or equals Listing 12.05C (mental retardation).

In response, the Commissioner argues that the administrative record contained new and material evidence of improvement in Plaintiff's condition(s), which warranted a modified RFC.  Alternatively, the Commissioner argues that even if ALJ Davenport restricted Plaintiff to light work, a finding of not disabled would nevertheless be mandated.  (Doc. #12, p.9 n.3).  Finally, the Commissioner argues that Plaintiff failed to establish that his mental impairment satisfied the diagnostic description for the mental retardation listing.  For the reasons that follow, the Court concludes that Plaintiff's alleged errors are without merit.

Plaintiff first filed for SSI payments in 1994.  *See supra* note 1.  Following remand from the district court, ALJ Kayser again denied Plaintiff's claim, finding that despite his exertional and non-exertional limitations, he was able to perform other work.  (Tr. 72-81).  Specifically, ALJ Kayser found that Plaintiff retained the residual functional capacity to perform a limited range of light work, lifting/carrying 20 pounds occasionally, 10 pounds frequently; and walking/standing up to 6 hours total in an 8-hour workday.[2]  (Tr. 76).  The

---

[2]It is unclear what evidence the ALJ relied on in making this finding.  As noted in the district court's memorandum order denying Plaintiff's motion for summary judgment, the medical sources

ALJ further found that Plaintiff must avoid temperature extremes, dust, fumes, chemicals in the workplace, heights, dangerous machinery, and vigorous aerobic activity; and can only occasionally balance, stoop, climb, kneel, and crawl. (Tr. 78). Mentally, the ALJ limited Plaintiff to low stress, entry level work involving simple, one-two step procedures with no frequent changes in work routines, and limited interaction with the general public. (Tr. 78).

In adjudicating Plaintiff's most recent application, which is the subject of the instant appeal, ALJ Davenport expressly acknowledged the Sixth Circuit's holding in *Drummond v. Comm'r of Social Security*, 126 F.3d 837 (6th Cir. 1997) that "absent evidence of ... improvement in a claimant's condition, a subsequent Administrative Law Judge is bound by the findings of a previous Administrative Law Judge." (Tr. 23). He also noted that, pursuant to Acquiescence Ruling 98-4(6), an adjudicator "must adopt a finding required at a step in the sequential evaluation process and made by an ALJ ... in a final decision on a prior claim, *unless there is new and material evidence relating to such a finding or there has been a change in the law.*" (Tr. 23).

With that legal framework in mind, ALJ Davenport found that Plaintiff's physical condition(s) had, indeed, changed (i.e., improved). In support, he relied on a consultative examination performed by Dr. Jacob Agamasu on May 26, 2001. (Tr. 175-77). Dr. Agamasu opined that Plaintiff's "ability to perform such activities as sitting, standing, moving about, lifting, carrying, handling objects ... is unimpaired." (Tr. 177). Despite Plaintiff's history of arthritic pain in his shoulders, legs, and back, no objective findings were

---

who performed physical examinations of Plaintiff did not impose any specific exertional limitations. (Tr. 116).

noted during Dr. Agamasu's evaluation. (Tr. 177). Two state agency physicians concurred with Dr. Agamasu's assessment, and opined that Plaintiff does not have a severe physical impairment. (Tr. 182, 221). Based upon this evidence, the ALJ concluded that Plaintiff retained the physical residual functional capacity to perform work at all exertional levels.[3] (Tr. 23).

Contrary to Plaintiff's assertion, a review of the ALJ's decision reveals that he adequately explained his basis for finding that Plaintiff's condition(s) had improved and that, as a result, he was not bound by the prior ALJ's RFC determination. (Doc. #11. p.7). The Court concludes that Dr. Agamasu's 2001 consultative evaluation provides substantial evidence in support of the ALJ's modified RFC. Plaintiff's *Drummond* argument is, therefore, without merit.[4]

The Court also concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairment does not meet or equal Listing 12.05C, the listing for mental retardation. Listing 12.05 provides, in pertinent part as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

---

[3]In all other (mental) respects, ALJ Davenport adopted the prior RFC of ALJ Kayser. (Tr. 23).

[4]In reaching this conclusion, the Court is not unmindful of the evidence provided by Plaintiff's treating physician, Dr. Salem Hanna. According to this evidence, which was discussed by the ALJ in his written decision (tr. 19), Dr. Hanna treated Plaintiff for recurrent back pain and osteoarthritis, as well as other symptoms, from February 20, 2001 to March 14, 2002. With respect to Plaintiff's back impairment, Dr. Hanna's records indicate that an x-ray of Plaintiff's lumbar spine was unremarkable, he had no deformity or tenderness, and he had full range of motion and good reflexes. (Tr. 168, 268). Although Plaintiff reported recurrent and worsening back pain as recent as March 2002 (Tr. 167, 252), there is no indication of any resultant functional limitations, which would detract from the ALJ's RFC assessment.

> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied ....
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function ....

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Plaintiff argues that he satisfies the "C" criteria, which he claims is sufficient to establish presumptive disability.[5] The vocational expert and several state agency psychologists, however, opined that all the listing requirements were not satisfied. (Tr. 21, 64-67, 187, 206). For the reasons that follow, the Court agrees with the VE and state agency psychologists.

In order to be found disabled under Listing 12.05, Plaintiff must demonstrate that his impairment satisfies the diagnostic description for the listed impairment. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A). Therefore, Plaintiff will meet the listing for mental retardation only "[i]f [his] impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria...." *Id*. (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A *as amended by* 65 Fed.Reg. 50746, 50776 (August 21, 2000)) (emphasis added). Thus, Plaintiff must prove that: (1) he suffers from "significantly subaverage general intellectual functioning" with "deficits in adaptive functioning," (2) those deficits initially manifested during the developmental period (i.e., before age 22), and (3) one of the four criteria (A, B,

---

[5]In support, he cites to a consultative psychological examination performed by Michele Amburgey on May 15, 2001, during which he obtained a full scale IQ score of 70. (Tr. 172). He also contends that he suffers from a mental impairment that imposed an additional and significant work-related limitation of function because the ALJ found that his depression is a severe impairment at Step 2 of the sequential evaluation. (Doc. #11, p.8).

C, or D) is met. *Daniels v. Comm'r of Social Security*, 70 Fed.Appx. 868, 872 (6th Cir. 2003) (unpublished decision).

The evidence in this case fails to demonstrate the onset of the "significantly subaverage general intellectual functioning with deficits in adaptive functioning" before age 22. Much like the claimant in *Foster*, none of Plaintiff's testing was contemporaneous with his developmental period. Moreover, the evidence does not demonstrate or support onset of "deficits in adaptive functioning" before age 22. *Burrell v. Comm'r of Social Security,* No. 99-4070, 2000 WL 1827799, at *2 (6th Cir. Dec. 8, 2000) (Table decision, text available on Westlaw) ("[R]eceiving benefits under Listing 12.05 also requires a deficit in adaptive functioning.") (internal quotation marks omitted). Absent such evidence, the ALJ's conclusion that Plaintiff did not meet or equal the listing for mental retardation must be affirmed.

## III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #11) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #12) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 22nd day of March, 2006.

**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-04-338-SturgillMOO.wpd